IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**ANTON CARLTON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-55484A        Royce Taylor, Judge**

_____

**No. M2019-00711-CCA-R3-PC**

_____

The Appellant, Anton Carlton, is appealing the trial court's summary dismissal of his third post-conviction petition. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ. joined.

Anton Carlton, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2005, the Appellant pled guilty to one count of especially aggravated kidnapping, two counts of aggravated robbery, and one count of aggravated burglary in return for an effective sentence of fifty years and the dismissal of six other counts of the indictment, including four other counts of especially aggravated kidnapping. *See State v. Carlton*, M2018-01474-CCA-R3-CD, 2019 WL 3814726 (Tenn. Crim. App. Aug. 14, 2019) (no perm. app. filed). Although the plea agreement called for the Appellant to plead guilty to especially aggravated kidnapping in count one, the prosecutor announced the Appellant would be pleading guilty to especially aggravated kidnapping in count two, and the judgment form reflected a conviction for count two. *Id*. at *1-*2.

The Appellant subsequently filed two unsuccessful post-conviction petitions, the second of which was dismissed because the first had been resolved on its merits. *Id*. at

*2. The Appellant did not appeal the dismissal of either petition. He then pursued habeas corpus relief. *Id*. After denying the first petition, the habeas court forwarded a copy of its order to the Rutherford County Circuit Court which resulted in the court entering a corrected judgment on April 9, 2012, reflecting the Appellant entered a guilty plea to especially aggravated kidnapping in count one, not count two. *Id*. at *3. On appeal, this Court remanded for the entry of additional corrected judgments reflecting that count two was dismissed and that the sentences in the Appellant's other convictions were consecutive to count one, not count two. *Id*. The Appellant's second habeas petition was likewise unsuccessful. *Id*.

On June 19, 2018, the Appellant filed a "Motion for an Amendment of the Judgment to Correct a Clerical Mistake." *Id*. at *4. Although the Appellant cited Rule of Criminal Procedure 36, which allows for the correction of clerical errors, he, in fact, sought to have his plea agreement set aside. *Id*. at *4. The trial court denied the motion in August of 2018, but on October 22, 2018, the court entered corrected judgments for the Appellant's aggravated robbery and aggravated burglary convictions. *Id*. at *5. These corrected judgments, however, failed to accurately reflect the arrangement of consecutive sentences called for in the plea agreement and instead provided for an effective sentence of forty years. *Id*. On appeal, this Court affirmed the denial of the Appellant's motion but remanded for entry of new corrected judgments to reflect the Appellant's effective sentence of fifty years as well as the dismissal of the counts called for by the plea agreement. *Id*. at *8.

On March 15, 2019, prior to the entry of this Court's recent opinion, the Appellant filed a third post-conviction petition. The trial court dismissed the petition and the Appellant now appeals that dismissal. The record and the Appellant's brief have both been filed and, in response, the State has filed a motion asking this Court to affirm the trial court's order of dismissal pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is hereby granted.

The trial court's stated reason for dismissing the Appellant's third petition was because it was untimely. *See* Tenn. Code Ann. § 40-30-102(a) (petition must be filed within one year of final judgment). However, the Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). The statute directs trial courts to summarily dismiss any subsequent petition when a prior petition was resolved on its merits. *Id*. Thus, because the Appellant's first petition was resolved on its merits, the trial court should have dismissed the third petition as a successive petition pursuant to subsection (c).

The Appellant contends the entry of the corrected judgments on October 22, 2018, reset the statute of limitations for seeking post-conviction relief as to those judgments.

2

As the State counters, however, the Appellant's contention is incorrect. The Appellant confuses an amended judgment with a corrected judgment. The trial court did not amend or alter any aspect of the negotiated plea with the entry of the corrected judgments in 2018 but instead merely fixed clerical mistakes in the original judgments. The correction of a judgment to reflect the intent of the plea does not retrigger the one-year statute of limitations for filing a post-conviction petition. *Lonnie Jones v. State*, No. W2001-00741-CCA-R3-PC, 2001 WL 1516977 (Tenn. Crim. App. Nov. 21, 2001); *but see Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC (Tenn. Crim. App. Aug. 19, 2009) (noting that filing of amended judgment contrary to terms of plea bargain and original judgment resets statute of limitations).

For these reasons, the order of the trial court dismissing the Appellant's third post-conviction petition is affirmed pursuant to Rule 20.

_____
Judge Robert W. Wedemeyer